ECF CASE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LOUIS BAGUIDY,

                                        Plaintiff,          16-CV-03096 (DLI) (RLM)

             -against-

BORO TRANSIT INC, A/K/A
CONSOLIDATED BUS TRANSIT INC, and
LOCAL 1181-1051 ATU UNION,

                                        Defendants.
-----------------------------------------------------------------------X


**MEMORANDUM OF LAW OF DEFENDANT LOCAL 1181-1061,
AMALGAMATED TRANSIT UNION, AFL-CIO
IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

Richard A. Brook (RAB 7355)
Robert Marinovic (RM 9926)
MEYER, SUOZZI, ENGLISH
 & KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
212-239-4999

Attorneys for Defendant
Local 1181-1061, Amalgamated
Transit Union, AFL-CIO

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ......................................................................................................2

ARGUMENT ..........................................................................................................................7

    I.      PLAINTIFF'S CLAIM AGAINST LOCAL 1181 IS BARRED BY
THE STATUTE OF LIMITATIONS APPLICABLE TO DUTY
OF FAIR REPRESENTATION CLAIMS AND SHOULD BE
DISMISSED. ........................................................................................7

    II.     LOCAL 1181 DID NOT BREACH ITS DUTY OF FAIR
REPRESENTATION. ...........................................................................9

    III.    PLAINTIFF'S STATE LAW CLAIM AGAINST LOCAL 1181 IS
PREEMPTED. .....................................................................................13

CONCLUSION .....................................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Air Line Pilots Ass'n, Int'l v. O'Neill,
    499 U.S. 65 (1991) .................................................................................9, 10

Antongorgi v. Bovena,
    No. 06-CV-5777, 2007 WL 2126096 (E.D.N.Y. July 24, 2007) ...........................11

Arteaga v. Bevona,
    21 F. Supp.2d 198 (E.D.N.Y. 1998) ....................................................11

Barr v. UPS,
    868 F.2d 36 (2d Cir. 1989) .................................................................9, 10

Beckman v. United States Postal Serv.,
    79 F. Supp.2d 394 (S.D.N.Y. 2000) ....................................................9, 10

Bejjani v. Manhattan Sheraton Corp.,
    No. 12 Civ. 6618, 2013 WL 3237845 (S.D.N.Y. June 27, 2013), aff'd, No. 13-
    2860-cv, 567 Fed. App'x 60 (2d Cir. May 27, 2014)...........................................11

Betanzos v. Kinney Sys., Inc.,
    No. CV-92-3915, 1996 WL 406524 (E.D.N.Y. July 15, 1996), aff'd, 113 F.3d
    1229, 1997 WL 260061 (2d Cir. 1997) ...............................................11

Buttry v. General Signal Corp.,
    68 F.3d 1488 (2d Cir. 1995) ...............................................................7

Clarke v. Communications Workers,
    No. 03-CV-5912, 2004 WL 2434715 (E.D.N.Y. Nov. 1, 2004), aff'd, 187 Fed.
    Appx. 42 (2d Cir. June 16, 2006) ........................................................12

Cohen v. Flushing Hosp. and Medical Ctr.,
    68 F.3d 64 (2d Cir. 1995) ...................................................................12

DelCostello v. Teamsters,
    462 U.S. 151 (1983) ...........................................................................7

Ghartey v. St. John's Queens Hosp.,
    869 F.2d 160 (2d Cir. 1989) ..............................................................7, 8

Goodman v. Port Authority,
    No. 10 Civ. 8352, 2011 WL 3423800 (S.D.N.Y. Aug. 4, 2011)......................12, 13

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

Hines v. Anchor Motor Freight, Inc.,
    424 U.S. 554 (1976) .......................................................................................... 9

Levy v. Verizon Information Servs. Inc.,
    498 F.Supp.2d 586 (E.D.N.Y. 2007) ............................................................... 3

Mack v. Otis Elevator Co.,
    326 F.3d 116 (2d Cir. 2003) .......................................................................... 12

In re Merrill Lynch & Co., Inc.,
    273 F.Supp.2d 351 (S.D.N.Y. 2003) ............................................................... 3

Mullen v. Bevona,
    No. 95 Civ. 5838, 1999 WL 974023 (S.D.N.Y. Oct. 26, 1999) ...................... 10

Nelson v. Amalgamated Transit Union Local 1181-1061,
    No. 15-cv-672, 2015 WL 1529723 (E.D.N.Y. Apr. 2, 2015), aff'd, 2016 WL
    3391288 (2d Cir. June 16, 2016) ................................................................... 11

Nikci v. Quality Bldg. Servs.,
    995 F. Supp.2d 240 (S.D.N.Y. 2014) ............................................................ 11

Pani v. Empire Blue Cross Blue Shield,
    152 F.3d 67 (2d Cir. 1998), cert. denied, 525 U.S. 1103 (1999) ..................... 2

Phillips v. Lenox Hill Hosp.,
    673 F. Supp. 1207 (S.D.N.Y. 1987) .............................................................. 10

Roman v. United States Postal Serv.,
    821 F.2d 382 (7th Cir. 1987) ......................................................................... 12

Santos v. District Council of United Bhd. of Carpenters,
    619 F.2d 963 (2d Cir. 1980) ............................................................................ 7

Sim v. New York Mailers' Union No. 6,
    166 F.3d 465 (2d Cir. 1999) .......................................................................... 10

Steen v. Local Union No. 163, UAW,
    373 F.2d 519 (6th Cir. 1967) ......................................................................... 12

Tankiewicz v. United Serv. Workers Union Local 74,
    No. 13-CV-3914, 2014 WL 4828879 (E.D.N.Y. Sept. 26, 2014) .................. 11

In re Tower Auto. Sec. Litig.,
    483 F. Supp.2d 327 (S.D.N.Y. 2007) .............................................................. 3

## TABLE OF AUTHORITIES (continued)

**Page(s)**

UPS v. Mitchell,
  451 U.S. 56 (1981) ...................................................................................................... 10

Vaca v. Sipes,
  386 U.S. 171 (1967) ...................................................................................................... 9

PRELIMINARY STATEMENT

Defendant Local 1181-1061, Amalgamated Transit Union, AFL-CIO (misnamed in the caption by plaintiff as "Local 1181-1051 ATU Union") ("Local 1181"), respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint.

This action arises out of plaintiff Louis Baguidy's ("Baguidy" or "plaintiff") continuing efforts to overturn the termination of his employment by the defendant employer (sued herein as Boro Transit Inc. a/k/a Consolidated Bus Transit Inc. ("the Company")). The Company disciplined plaintiff in January 2014, March 2014, and October 2014. In March 2015, the Company discharged plaintiff. Local 1181, plaintiff's union, contested the discharge through the entire grievance procedure set forth in the collective bargaining agreement between Local 1181 and the Company, including arbitration. Notwithstanding Local 1181's efforts, an arbitrator upheld plaintiff's discharge in an Award dated October 26, 2015.

Plaintiff filed a Complaint on April 29, 2016, and then an Amended Complaint. Plaintiff alleges that the Company discriminated against him and that Local 1181 breached its duty to represent him fairly in challenging the Company's disciplinary actions and plaintiff's discharge.

The statute of limitations for duty of fair representation claims is six months. Any claim that Local 1181 failed to represent plaintiff fairly in connection with the Company's earlier disciplinary actions accrued no later than 2014. Since plaintiff did not file his complaint until April 29, 2016, plaintiff's claim against Local 1181 should be dismissed as untimely at least to the extent it relates to representation in connection with 2014 disciplinary actions.

Although the Arbitration Award upholding plaintiff's discharge is dated October 26, 2015, plaintiff's claim against Local 1181 relating to representation in connection with his discharge accrued much earlier than October 26, 2015 (and more than six months before April 29, 2016). Plaintiff alleges that his Local 1181 representative blocked a settlement that would

have resulted in plaintiff's reinstatement and that his Local 1181 representative said he was instead advancing plaintiff's case to arbitration so that the discharge would be upheld.  This would have occurred prior to the arbitration hearing on October 15, 2015.  See Amended Complaint ¶¶29, 30, 39.  Once plaintiff knew that Local 1181 allegedly was not promoting his interests but acting with "malice" (id. ¶39), plaintiff's claim accrued.

Plaintiff's claim against Local 1181 relating to representation in connection with his discharge may be untimely even if it did not accrue until he received the Arbitration Award dated October 26, 2015.

Plaintiff's allegations that Local 1181 breached its duty of fair representation by denying his request for a Haitian interpreter at the arbitration hearing (id. ¶41) and with respect to certain of the Company's 2014 disciplinary actions fail to meet the high standard required to show that Local 1181 breached its duty of fair representation.  Plaintiff also does not explain how the absence of an interpreter caused the adverse outcome of the arbitration.

Finally, to the extent plaintiff continues to assert a claim against Local 1181 under state law, any such claim is preempted by federal law (as the Court held when it decided not to remand the case to state court).  See Docket Minute Entry July 11, 2016; Docket #12 (Transcript of Proceedings) at 11-15.

For these reasons, plaintiff's claim against Local 1181 should be dismissed.

## STATEMENT OF FACTS

For purposes of this motion to dismiss only, the facts alleged in the Amended Complaint are assumed to be true and we respectfully refer the Court to the Amended Complaint for its complete statement of plaintiff's fact allegations.  The Court may, however, take judicial notice of the true and complete contents of documents referenced explicitly or implicitly in the Amended Complaint and matters of public record.  See, e.g., Pani v. Empire Blue Cross Blue

Shield, 152 F.3d 67, 75 (2d Cir. 1998), cert. denied, 525 U.S. 1103 (1999); In re Tower Auto.

Sec. Litig., 483 F. Supp.2d 327, 334 (S.D.N.Y. 2007); In re Merrill Lynch & Co., Inc., 273

F.Supp.2d 351, 356-57 (S.D.N.Y. 2003); Levy v. Verizon Information Servs. Inc., 498

F.Supp.2d 586, 593-95 (E.D.N.Y. 2007).  Accordingly, the Court may take judicial notice of the

contents of the Arbitration Award pertaining to plaintiff's discharge, disciplinary notices issued

to plaintiff referenced in the Amended Complaint, the last chance agreement referenced in the

Amended Complaint, the New York City Department of Education Office of Pupil

Transportation Requirements for Driver Certification, and the New York State Commercial

Driver's Manual.  A copy of the Arbitration Award is annexed to the Declaration of Richard A.

Brook ("Brook Decl.") at Exhibit B.

The Parties and Related Entities

The Company employed plaintiff from January 3, 2012 to March 11, 2015.  See

Amended Complaint ¶10.

Local 1181 was plaintiff's union while he was employed by the Company.  See id. ¶46.

2014 Disciplinary Actions

In January 2014, the Company issued plaintiff a write up and suspended him without pay

for a day.  See id. ¶12.  Plaintiff does not allege that he requested union assistance to contest

these disciplinary actions.  Plaintiff nonetheless asserts that Local 1181 failed to represent him

legally or fairly in connection with these disciplinary actions.  See id. ¶36.

In March 2014, the Company suspended plaintiff for part of a day.  See id. ¶15.  Plaintiff

alleges that the Company also issued him a write up without his knowledge and that he became

aware of the write up when he received the Arbitration Award.  See id. ¶¶15-16.  However, the

Award references the March 2014 suspension but not a separate write up.  See Brook Decl. Ex. B

at 2, 3-4.  Moreover, plaintiff again does not allege that he requested union assistance in contesting these disciplinary actions and he could not have requested union assistance in contesting a write up of which he was unaware.  Plaintiff nonetheless asserts that Local 1181 failed to represent him legally or fairly in connection with these disciplinary actions.  See Amended Complaint ¶37.

In October 2014, the Company dismissed plaintiff from employment.  See id. ¶19.  After plaintiff reported the matter to Local 1181, plaintiff took Anger Management and Defensive Driving Classes and was reinstated after signing a "last chance agreement."  See id. ¶¶19, 38. Plaintiff asserts that Local 1181 failed to represent him legally or fairly in connection with the dismissal and that Local 1181 failed to advise or represent him before he signed the last chance agreement.  See id. ¶38.

Plaintiff's allegations relating to the last chance agreement are inconsistent with its terms, of which the Court may take judicial notice.  See supra pp. 2-3.  The last chance agreement is in the form of a letter from Local 1181 to the Company, counter-signed to reflect agreement to the terms set forth therein by plaintiff and a representative of the Company.  See Brook Decl. Ex. C. The last chance agreement is dated November 5, 2014 beneath the signature of the Company's representative.  The last chance agreement, among other terms, reduced plaintiff's discharge to a 30 day suspension, including time served, beginning on October 28, 2014, and set the date for plaintiff to resume work as December 1, 2014.  See id. Ex. C ¶2.  In the last chance agreement, plaintiff also "acknowledge[d] that he has been represented fully and fairly at all times by the Union in all the matters covered by this Agreement" and plaintiff agreed that he entered the last chance agreement "freely and voluntarily."  See id. Ex. C p. 2.

4

Also in October 2014, the Company issued plaintiff three disciplinary notices and placed

them in his file without his knowledge.  See Amended Complaint ¶¶23-25, 40.  However, the

Arbitration Award identifies these notices as "Write-ups issued to Baguidy underlying the

aforementioned Last Chance Agreement," not distinct disciplinary actions.  See Brook Decl. Ex.

B at 4; Brook Decl. Ex. D (excerpts from Exhibit 4 from the arbitration).  Moreover, plaintiff

again could not have requested union assistance in contesting disciplinary notices of which he

was unaware.  Plaintiff nonetheless asserts that Local 1181 failed to represent him legally or

fairly in connection with these disciplinary notices.  See Amended Complaint ¶40.

The Arbitration of Plaintiff's Discharge

In March 2015, the Company discharged plaintiff.  See id. ¶27.

Plaintiff alleges that, at some point, a union representative told him that the Company

decided to reinstate plaintiff provided plaintiff agreed to sign an agreement, that plaintiff told the

union representative that he will come in and read the agreement to sign it, that the union

representative became angry, and that the union representative told plaintiff that he will re-

schedule the arbitration hearing and that plaintiff will not win.  See id. ¶¶29-30.

On October 15, 2015, an arbitration hearing pertaining to Local 1181's challenge to

plaintiff's discharge by the Company was held before Arbitrator Elliott D. Shriftman.  See id.

¶31; Brook Decl. Ex. B at 1-2.

Local 1181 assigned its counsel to prosecute plaintiff's case.  See Brook Decl. Ex. B at 1

(setting forth appearances of counsel).  At the arbitration, Local 1181 and the Company were

given a full opportunity to present evidence and make arguments.  See id.

In an Opinion and Award dated October 26, 2015, Arbitrator Shriftman concluded that the Company had just cause to discharge plaintiff.  See Amended Complaint ¶16; Brook Decl. Ex. B at 8.

Plaintiff asserts that Local 1181 "failed to legally or fairly represent [him] for the October 15, 2015 Arbitration Hearing [by] denying plaintiff's request for a Haitian interpreter at the hearing so that plaintiff could fairly represent himself."  See Amended Complaint ¶41.  But as a school bus driver, plaintiff must have had a commercial driver's license, see New York City Department of Education Office of Pupil Transportation Requirements for Driver Certification (available at http://www.optnyc.org/vendors/DriverInformation.htm), and, to obtain such a license, a person must be able, among other things, to read and speak English well enough to converse with other people, understand highway traffic signs and signals, answer questions from officials, and make entries on reports and records.  See New York State Commercial Driver's Manual CDL-10 (5/2016) at p. 1-3 (available at https://dmv.ny.gov/brochure/cdl10sec01.pdf).  Also, plaintiff does not explain how he was prejudiced by the absence of a Haitian interpreter.

Prior Proceedings

According to a date stamp on the copy of the Summons received by Local 1181, plaintiff filed this action in the New York State Supreme Court, County of Kings, on April 29, 2016.  See Brook Decl. Ex. A.

On June 14, 2016, Local 1181 removed this action to this Court.  See Docket #1.  After issuing an Order to Show Cause, this Court held that plaintiff's state law claims were preempted by federal labor law and that removal of this case was proper.  See Docket Minute Entry July 11, 2016; Docket #12 at 10-15 (Transcript of Proceedings).

On October 13, 2016, plaintiff filed an Amended Complaint.  See Docket #20.

On November 3, 2016, the Company filed a motion to dismiss.  <u>See</u> Docket #21.  The

Company's motion remains pending.

<u>ARGUMENT</u>

I.      PLAINTIFF'S CLAIM AGAINST LOCAL 1181 IS BARRED BY THE STATUTE OF
        LIMITATIONS APPLICABLE TO DUTY OF FAIR REPRESENTATION CLAIMS
        AND SHOULD BE DISMISSED.

Duty of fair representation claims are governed by a six-month statute of limitations.  <u>See</u>

<u>DelCostello v. Teamsters</u>, 462 U.S. 151, 169-72 (1983).  In such cases, the cause of action

accrues, and the limitations period generally begins to run, "no later than the time when plaintiffs

knew or reasonably should have known that such a breach had occurred, even if some possibility

of nonjudicial enforcement remained."  <u>Santos v. District Council of United Bhd. of Carpenters</u>,

619 F.2d 963, 969 (2d Cir. 1980).

In cases challenging the adequacy of a union's advocacy in arbitration, the claim may not

accrue until the plaintiff has notice of an adverse outcome in the arbitration.  <u>See</u> <u>Ghartey v. St.</u>

<u>John's Queens Hosp.</u>, 869 F.2d 160, 162-66 (2d Cir. 1989).  However, that rule protects

laypersons from having to assess the ongoing performance of their unions; the rule does not

apply when the union manifested its opposition to the grievant's interests.  In the latter

circumstances, a duty of fair representation claim accrues when the grievant learns of the union's

action of which the grievant complains.  <u>See</u> <u>id.</u> at 165; <u>Buttry v. General Signal Corp.</u>, 68 F.3d

1488, 1492-93 (2d Cir. 1995).

Plaintiff challenges Local 1181's conduct in connection with disciplinary actions taken

against him by the Company in January 2014, March 2014, and October 2014, and his discharge

by the Company in March 2015.  With respect to the 2014 disciplinary actions, each individually

gave rise to a potential grievance at the time.  In those instances when plaintiff requested Local

1181's assistance in responding to the 2014 disciplinary actions, plaintiff was aware of, or should

7

have been aware of, Local 1181's alleged failures to represent him at the time.  See Amended

Complaint ¶¶36-41 (alleging that, in each instance, Local 1181 failed to represent plaintiff

legally or fairly).  Thus, plaintiff's claim that Local 1181 breached its duty of fair representation

to plaintiff with respect to the 2014 disciplinary actions accrued, at the latest, in or about January

2014, March 2014, and October 2014.  To be timely, claims concerning such breaches needed to

be filed in or before July 2014, September 2014, and April 2015.  Since plaintiff filed his lawsuit

against Local 1181 on April 29, 2016, plaintiff's claim against Local 1181 relating to the

Company's 2014 disciplinary actions is time-barred.

With respect to plaintiff's discharge, plaintiff alleges that (1) Local 1181 blocked a

settlement that would have been favorable to plaintiff and forced arbitration of plaintiff's

discharge so that plaintiff's discharge would be upheld and (2) Local 1181 did not provide

plaintiff with a translator at the arbitration.

Plaintiff knew that Local 1181 allegedly blocked a settlement no later than October 15,

2015 (the rescheduled arbitration hearing date), and perhaps months earlier.  See id. ¶¶29-31;

supra p. 5.  Any claim in connection with these allegations accrued at that time because plaintiff

knew then that Local 1181 was not serving his interests.  Accordingly, plaintiff's claim, to be

timely, needed to be filed on or before April 15, 2016 at the latest.  Since plaintiff filed this

lawsuit on April 29, 2016, this aspect of his claim is also time-barred.

Plaintiff knew that Local 1181 did not provide him with a translator for the arbitration

hearing on October 15, 2015 - the date of the hearing - at the latest.  Even if plaintiff's claim that

Local 1181 breached its duty of fair representation by not granting his alleged request to provide

him a translator for the arbitration did not accrue under the rule of Ghartey until he received

notice of the result of the arbitration, plaintiff's claim, to be timely, needed to be filed within six

months of when plaintiff received notice of the October 26, 2015 Arbitration Award.  Since

plaintiff filed his lawsuit against Local 1181 on April 29, 2016, this aspect of his claim also

appears to be time-barred.

      For these reasons, even if the allegations contained in the Amended Complaint are

accepted as true and read in the light most favorable to plaintiff, plaintiff's claim that Local 1181

breached its duty of fair representation is time-barred and should be dismissed.

II.    <u>LOCAL 1181 DID NOT BREACH ITS DUTY OF FAIR REPRESENTATION.</u>

      The Court should also reject at this time plaintiff's assertions that Local 1181 breached its

duty of fair representation by not providing a translator at the arbitration, by not representing him

with respect to the last chance agreement, and by not representing him with respect to

disciplinary write-ups of which he was unaware.

      Plaintiff's challenges to the adequacy of Local 1181's representation must be rejected in

light of the policy of judicial deference to union conduct in processing grievances.  <u>See</u> <u>Air Line</u>

<u>Pilots Ass'n, Int'l v. O'Neill</u>, 499 U.S. 65, 78 (1991) ("Any substantive examination of a union's

performance . . . must be highly deferential").

      A plaintiff alleging that a union breached its duty of fair representation bears the heavy

burden of demonstrating, initially, two elements: (1) the union's conduct was "arbitrary,

discriminatory, or in bad faith," <u>Vaca v. Sipes</u>, 386 U.S. 171, 190 (1967); and (2) the union's

conduct "seriously undermine[d] the integrity of the arbitral process," <u>Hines v. Anchor Motor</u>

<u>Freight, Inc.</u>, 424 U.S. 554, 567 (1976).  <u>See</u> <u>Barr v. UPS</u>, 868 F.2d 36, 43 (2d Cir. 1989);

<u>Beckman v. United States Postal Serv.</u>, 79 F. Supp.2d 394, 401 (S.D.N.Y. 2000) (citing two

elements and noting that burden of proof is on plaintiff to prove breach of the duty of fair

representation).

Moreover, to prevail against a union on a breach of the duty of fair representation claim, a plaintiff must establish that: (1) the union breached its duty of fair representation and the employer breached the collective bargaining agreement, see UPS v. Mitchell, 451 U.S. 56, 62 (1981); Beckman, 79 F. Supp.2d at 400; and (2) but for the union's breach of its duty the arbitrator would have found that the employer breached the collective bargaining agreement, see Mullen v. Bevona, No. 95 Civ. 5838, 1999 WL 974023, at *6 (S.D.N.Y. Oct. 26, 1999); Phillips v. Lenox Hill Hosp., 673 F. Supp. 1207, 1214 (S.D.N.Y. 1987); see also Sim v. New York Mailers' Union No. 6, 166 F.3d 465, 472 (2d Cir. 1999) (specifying causation as element of fair representation claim).

To establish that a union's conduct was arbitrary so as to fail to satisfy its duty of fair representation, a plaintiff must show that the union's conduct was "so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary."  Barr, 868 F.2d at 43 (quoting other cases) (quotation marks omitted); see also O'Neill, 499 U.S. at 67 ("a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' . . . as to be irrational") (quoting Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953)).

In Barr, the Second Circuit elaborated on this standard:

> Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach. . . . As long as the union acts in good faith, the courts cannot intercede on behalf of employees who may be prejudiced by rationally founded decisions which operate to their particular disadvantage.

Barr, 868 F.2d at 43-44 (quoting other cases) (quotation marks omitted).

10

Given the high burden on plaintiffs alleging a breach of the duty of fair representation, courts frequently grant motions to dismiss such claims pursuant to Rule 12(b)(6).  See, e.g., Nelson v. Amalgamated Transit Union Local 1181-1061, No. 15-cv-672, 2015 WL 1529723 (E.D.N.Y. Apr. 2, 2015), aff'd, 2016 WL 3391288 (2d Cir. June 16, 2016) (summary order); Bejjani v. Manhattan Sheraton Corp., No. 12 Civ. 6618, 2013 WL 3237845 (S.D.N.Y. June 27, 2013), aff'd, No. 13-2860-cv, 567 Fed. App'x 60 (2d Cir. May 27, 2014); Tankiewicz v. United Serv. Workers Union Local 74, No. 13-CV-3914, 2014 WL 4828879 (E.D.N.Y. Sept. 26, 2014); Antongorgi v. Bovena, No. 06-CV-5777, 2007 WL 2126096, at *3 (E.D.N.Y. July 24, 2007).

As a school bus driver with 15 years of service in the industry (see Amended Complaint ¶10), Local 1181 would reasonably have believed that plaintiff did not require a translator.  See supra p. 6 (discussing English language requirements for school bus drivers).  Local 1181's alleged tactical decision not to grant plaintiff's request for a translator amounts to, at most, negligence and does not meet the high standard required to establish a breach of the duty of fair representation.  See Arteaga v. Bevona, 21 F. Supp.2d 198, 206-07 & n.9 (E.D.N.Y. 1998); Betanzos v. Kinney Sys., Inc., No. CV-92-3915, 1996 WL 406524, at *5 (E.D.N.Y. July 15, 1996), aff'd, 113 F.3d 1229 (table), 1997 WL 260061, at *3 (2d Cir. 1997); Nikci v. Quality Bldg. Servs., 995 F. Supp.2d 240, 245-46, 247-48 (S.D.N.Y. 2014) (failure to provide translator at grievance proceeding did not breach duty of fair representation).

Moreover, plaintiff also can not establish that the absence of a translator caused the adverse result.  Plaintiff does not identify any fact or argument that was not presented or any question that was not raised at the arbitration hearing as a result of the absence of a translator.

With respect to the last chance agreement, plaintiff acknowledged therein that he was fully and fairly represented by Local 1181 in all the matters covered by that agreement.  See supra p. 4; Brook Decl. Ex. C.

With respect to the March 2014 and October 2014 write ups of which plaintiff allegedly was unaware, Local 1181 could not have failed to provide representation because plaintiff could not have requested Local 1181's assistance in contesting write ups of which he was unaware. See, e.g., Mack v. Otis Elevator Co., 326 F.3d 116, 129 (2d Cir. 2003) (affirming dismissal of suit against union because plaintiff had not properly invoked grievance procedure); Cohen v. Flushing Hosp. and Medical Ctr., 68 F.3d 64, 68 (2d Cir. 1995) (refusing to toll statute of limitations when plaintiff failed to invoke grievance procedure); Goodman v. Port Authority, No. 10 Civ. 8352, 2011 WL 3423800, at *5, 7 (S.D.N.Y. Aug. 4, 2011) (duty of fair representation claims fail because plaintiff did not allege that he complained to the union, filed a grievance, or sought the union's help); Clarke v. Communications Workers, No. 03-CV-5912, 2004 WL 2434715, at *4, *6 (E.D.N.Y. Nov. 1, 2004), aff'd, 187 Fed. Appx. 42 (2d Cir. June 16, 2006) (union did not breach duty of fair representation when plaintiffs did not file a grievance); Steen v. Local Union No. 163, UAW, 373 F.2d 519, 520 (6th Cir. 1967) (burden is on employee to initiate grievance and, not having done so, he cannot subject union to liability for his own failure; Roman v. United States Postal Serv., 821 F.2d 382, 389 (7th Cir. 1987) (citing Steen).

In any event, as noted above, there does not appear to have been a March 2014 disciplinary notice separate from the March 2014 suspension for Local 1181 to challenge (see supra pp. 3-4) and the October 2014 disciplinary notices were resolved in the last chance agreement wherein plaintiff acknowledged that he was fully and fairly represented by Local

12

1181 in all the matters covered by that agreement (see supra pp. 4-5; Brook Decl. Ex. B at 4; id.

Exs. C, D).

III.    PLAINTIFF'S STATE LAW CLAIM AGAINST LOCAL 1181 IS PREEMPTED.

  As noted above, after issuing an Order to Show Cause, this Court held that plaintiff's

state law claims were preempted by federal labor law and that removal of this case was proper.

See Docket Minute Entry July 11, 2016; Docket #12 at 10-15 (Transcript of Proceedings).

  Notwithstanding the Court's holding, the Amended Complaint alleges that Local 1181

"breached the agreement of fair representation entered into with the plaintiff by the collective

bargaining agreement under the Federal statute and under the common law of the State of New

York."  Amended Complaint ¶46 (emphasis supplied); see also id. pp. 14-15.

  Under the Court's holding, any claim under New York common law asserting that Local

1181 did not provide plaintiff fair representation is preempted and must be dismissed.

CONCLUSION

  For the foregoing reasons, Local 1181's motion to dismiss the Amended Complaint

should be granted.

Dated: New York, New York
   December 16, 2016

           Respectfully submitted,


        By:  /s/ *Richard A. Brook*
           Richard A. Brook (RAB 7355)
           Robert Marinovic (RM 9926)
           MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
           1350 Broadway, Suite 501
           New York, New York 10018
           (212) 239-4999

           Attorneys for Defendant
           Local 1181-1061, Amalgamated
           Transit Union, AFL-CIO

13